[D.I. 159]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EISAI R&D MANAGEMENT CO., LTD., et al., | Civil No. 19-19998 (CPO/AMD) |
| Plaintiffs, | |
| v. | |
| SHILPA MEDICARE LIMITED, et al., | **MEMORANDUM OPINION AND ORDER**[1] |
| Defendants. | |

**APPEARANCES:**

J. Brugh Lower, Esq.
William P. Deni, Jr., Esq.
Gibbons PC
One Gateway Center
Newark, New Jersey 07102

   *Counsel for Plaintiffs*

Mark S. Olinsky, Esq.
Stephen M. Klein, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102-5400

   *Counsel for Defendant Shilpa Medicare Limited*

---

[1] The letter briefs filed in connection with the instant application were filed under seal. Consequently, the Court files this Memorandum Opinion and Order under temporary seal. The parties shall meet and confer as to whether any portion of the Memorandum Opinion and Order should remain under seal. If the parties seek to have portions of this Memorandum Opinion and Order permanently sealed, they shall file a joint motion to seal, along with a proposed redacted version of the Memorandum Opinion and Order, in accordance with Local Civil Rule 5.3 within two weeks of entry of this Memorandum Opinion and Order.

Gregory D. Miller, Esq.
Rivkin Radler LLP
25  Main Street
Suite 501
Court Plaza North
Hackensack, NJ 07601

> *Counsel for Defendants Sun Pharmaceutical Industries Ltd.*
> *and Sun Pharmaceutical Industries Inc.*

**<u>DONIO</u>, Magistrate Judge:**

This matter comes before the Court by way of letter motion [D.I. 159] of Defendants, Sun Pharmaceutical Industries Ltd. and Sun Pharmaceutical Industries Inc. (hereinafter, collectively, "Sun"), on behalf of Sun and Defendant Shilpa Medicare Limited (hereinafter, "Shilpa"), seeking leave to amend their preliminary invalidity contentions for U.S. Patent No. 10,407,393 (hereinafter, the "'393 Patent"). Plaintiffs, Eisai R&D Management Co., Ltd., Eisai Co., Ltd., Eisai Manufacturing Ltd., Eisai Inc., and MSD International GmbH (hereinafter, collectively, "Plaintiffs"), oppose the motion, arguing that Defendants fail to demonstrate the requisite diligence in seeking to assert the proposed invalidity contentions and therefore fail to show good cause for the amendments at this time. The Court has considered the written submissions of the parties and the arguments of counsel as set forth during oral argument held by telephone on November 17, 2022, at which time all counsel appeared as set forth on the record. For the reasons

that follow and for good cause shown, the Court finds that Defendants timely sought leave to amend and demonstrated good cause to amend their invalidity contentions, and that there is no undue prejudice to Plaintiffs warranting denial of the request. Defendants' letter motion to amend is therefore granted.

On November 8, 2019, Plaintiffs brought this patent infringement action pursuant to 35 U.S.C. § 271 against Shilpa concerning Shilpa's submission of an abbreviated new drug application (hereinafter, "ANDA") seeking FDA approval to market a generic version of Plaintiffs' product LENVIMA®, which is used to treat patients with thyroid cancer. (*See* Compl. [D.I. 1], pp. 5-7, ¶¶ 17, 21, 28.) Plaintiffs initially alleged only that Shilpa's ANDA submission infringed United States Patent No. 10,259,791 (hereinafter, the "'791 patent"). (*See id.*) On December 23, 2019, Plaintiffs filed a separate suit against Sun alleging that Sun submitted an ANDA that infringed both the '791 patent and the '393 patent. (*See* Compl. [D.I. 1 in Civil No. 19-21857], pp. 3, 11, ¶¶ 14, 43.) Plaintiffs amended their complaint against Shilpa in the above-captioned matter on February 3, 2020 to add a claim for patent infringement with respect to the '393 patent. (*See* Am. Compl. [D.I. 10], pp. 2, 7, ¶¶ 8, 29.) On March 23, 2020, the cases against Sun and Shilpa were consolidated for all pretrial purposes, and this case was

designated as the lead case. (Order [D.I. 23 in Civil No. 19-19998, D.I. 14 in Civil No. 19-21857], Mar. 23, 2020.)

The following timeline is relevant to Defendants' present application. On May 12, 2020, the Court issued an initial scheduling order which set July 27, 2020 as the deadline for filing invalidity and non-infringement contentions. (Scheduling and Case Management Order [D.I. 43], May 12, 2020, p. 3, ¶ 4.) On July 23, 2020, the Court entered an amended scheduling order extending the deadline to file invalidity and non-infringement contentions to August 26, 2020. (Am. Scheduling Order [D.I. 53], July 23, 2020, p. 2.) On August 24, 2020, the Court further extended the deadline to amend the invalidity and non-infringement contentions to September 2, 2020. (Second Am. Scheduling Order [D.I. 57], Aug. 24, 2020, p. 1.) On September 2, 2020, Defendants timely served their joint invalidity contentions directed to the '393 patent, and Plaintiffs served responsive infringement and validity contentions directed to the '393 patent on January 7, 2021. (*See* Letter from William P. Deni, Jr., Esq. [D.I. 140], May 4, 2022, p. 4.) On March 9, 2021, Defendants sought to amend their non-infringement and invalidity contentions, which request was granted by the Court

on May 20, 2021.[2] (*Id.* at pp. 4-5.) In granting leave to amend, the Court made the following findings:

> Sun was diligent in its preparation of its initial contentions; having met with numerous experts on multiple occasions Sun produced invalidity and noninfringement contentions totaling over 142 pages setting forth multiple separate defenses. After serving its contentions, Sun promptly provided Plaintiffs with clarification as to a miscited prior art reference. Likewise, upon receipt of Plaintiffs['] contentions and discovery of certain typographical errors in [its] claim charts, Sun again promptly provided clarification.

(Order [D.I. 92], May 20, 2021, p. 2.)

After Plaintiffs received Defendants' invalidity contentions, Plaintiffs sought and obtained a continuation patent, U.S. Patent No. 11,186,547 (hereinafter, the "'547 patent"), which was issued on November 30, 2021. (*See* Am. Compl. [D.I. 146], p. 9, ¶ 36.) On January 11, 2022, Defendant Sun Ltd. provided notice to Plaintiffs that it sought approval of an ANDA in connection with the '547 patent. (*Id.* at p. 10, ¶ 40.) On June 15, 2022, Plaintiffs requested Defendants' consent to amend the complaints in this case to include claims regarding the '547 patent, and Defendants – "[r]ecognizing the overlap between the two patents and to achieve efficiency and preserve judicial resources" – consented to amendment of the complaints. (Letter

---

[2] The prior motion to amend was decided by the United States Magistrate Judge previously assigned to the case. On September 30, 2022, the case was reassigned to the undersigned.

from Gregory D. Miller, Esq. (hereinafter, "Defs.' Letter") [D.I. 159], Sept. 30, 2022, pp. 2-3.) On June 30, 2022, Plaintiffs filed second amended complaints against Sun and Shilpa in which Plaintiffs added claims concerning alleged infringement of the '547 patent. (*See* Second Am. Compl. [D.I. 145], p. 2, ¶ 8; Am. Compl. [D.I. 146], p. 3, ¶ 14.) The Court then entered an amended scheduling order that required Defendants to serve invalidity and non-infringement contentions directed to the '547 patent by August 26, 2022. (Order [D.I. 152], Aug. 9, 2022, p. 2.) Defendants timely served their invalidity and non-infringement contentions for the '547 patent on August 26, 2022. (Defs.' Letter, p. 3.) At the same time, Defendants requested that Plaintiffs consent to amend the invalidity contentions for the '393 patent to include the same invalidity contentions directed to the '547 patent. (*Id.*) Because Plaintiffs did not consent to the proposed amendments, Defendants filed the instant application seeking leave of court to amend their invalidity contentions for the '393 patent.

In support of their request for leave to amend, Defendants represent that the claims of the '547 patent overlap with the claims of the '393 patent but are narrower. (Defs.' Letter, p. 1.) Defendants contend that Plaintiffs obtained the '547 patent "to fix weaknesses identified by Defendants'

6

contentions" concerning the '393 patent, [3] and "[t]he only difference between the two claims is the upper threshold: the '393 patent recites 183 ppm of the identified impurity, while the '547 patent narrows the claim to recite 152.1 ppm." (*Id.* at p. 2.) Given this overlap, Defendants seek to have their invalidity contentions concerning the '393 patent mirror the invalidity contentions for the '547 patent. (*Id.*) Defendants represent that allowing the amendments will cause no prejudice to Plaintiffs because the contentions are already asserted in the case in connection with the '547 patent and will therefore not require additional discovery. (*Id.* at p. 9.) Furthermore, Defendants argue that granting leave to amend will promote judicial efficiency because the parties can litigate one set of non-infringement and invalidity contentions, whereas denying the proposed amendments would require the Court to assess different evidence and arguments for identical claim elements. (*Id.* at p. 7.) Defendants further note that Plaintiffs had the opportunity to revise the '393 patent based on Defendants' prior invalidity contentions, and Defendants argue they should have an opportunity to revise their invalidity contentions for the '393 patent as a matter of fairness. (*Id.* at p. 8.) Finally,

---

[3] The Court notes that Defendants' invalidity contentions for the '393 patent were served on September 2, 2020, and Plaintiffs filed for the '547 patent on September 16, 2020. (*See* Am. Compl. [D.I. 146-2], Ex. B.)

Defendants argue that good cause exists for the amendments, as they promptly sought to amend upon learning of the need to amend the invalidity contentions for the '393 patent to mirror the new contentions for the '547 patent. (*Id.*)

Plaintiffs oppose the request. Plaintiffs argue that Defendants' motion should fail because Defendants have not demonstrated diligence and do not have good cause to amend, and because Plaintiffs are prejudiced by the proposed amendments. (Letter from William P. Deni, Jr., Esq. (hereinafter, "Pls.' Opp. Letter") [D.I. 164], Oct. 31, 2022, p. 1.) Plaintiffs submit that good cause to amend requires diligent investigation, yet much of the information which forms the basis for Defendants' motion was available when Defendants previously sought to amend their invalidity contentions in March 2021. (*Id.* at pp. 5-7.) With respect to the prior art references that Defendants seek to add, Plaintiffs note that Defendants do not identify the date on which they became aware of such prior art. (*Id.* at p. 7.) Plaintiffs argue that Defendants have therefore failed to demonstrate diligence and their motion must be denied. (*Id.* at p. 5.) Plaintiffs also argue that Defendants do not show diligence in seeking leave to amend between the time they should have recognized the need for such amendments and the time they contacted Plaintiffs about amending the invalidity contentions. (*Id.* at p. 7.) Additionally, Plaintiffs contend that they will

be unduly prejudiced by Defendants' amendments, noting that the "parties have already completed written fact discovery and document production directed to the '393 patent" and that "the Court has also held *Markman* proceedings for the '393 patent based on the parties' existing case contentions." (*Id.* at p. 9.) At oral argument, Plaintiffs asserted that allowing the amendments will cause prejudice because they will have to file responsive contentions for a third time with respect to the '393 patent, they relied on the current version of Defendants' invalidity contentions in conducting fact discovery and claim construction, and allowing the amendments will expand the scope of the case and therefore defeat the purpose of the Local Patent Rules.

In reply, Defendants argue that Plaintiffs disrupted the status quo by inserting the '547 patent in this case after claim construction on the '393 patent and near the end of the discovery period and now seek to achieve an unfair strategic advantage by opposing Defendants' request to amend. (Letter from Gregory D. Miller, Esq. (hereinafter, "Defs.' Reply Letter" [D.I. 166], Nov. 7, 2022, pp. 1, 6.) Defendants contend that in obtaining the '547 patent, Plaintiffs effectively amended their contentions for the '393 patent, and Defendants should consequently have the opportunity to revise their defenses. (*See id.* at p. 4.) Moreover, Defendants assert that Plaintiffs will

not be prejudiced in responding to amended invalidity contentions for the '393 patent because Plaintiffs already responded to the same contentions for the '547 patent and can utilize those responses for the '393 patent. (*Id.*) Defendants also note that when Plaintiffs added the '547 patent, they did not seek new claim construction. (*Id.* at p. 3.)

Local Patent Rule 3.7 for the District of New Jersey governs the amendment of contentions and disclosures in patent cases. The Rule provides that "[a]mendment of any contentions, disclosures, or other documents required to be filed or exchanged pursuant to these Local Patent Rules may be made *only* by order of the Court upon a timely application and showing of good cause." L. PAT. R. 3.7. The Rule provides the following non-exhaustive list of examples that typically will, absent undue prejudice to the non-moving party, support a finding of good cause: "(a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material prior art despite earlier diligent search; (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contention; (d) disclosure of an infringement contention by a Hatch-Waxman Act party asserting infringement under L. Pat. R. 3.6(g) that requires response by the adverse party because it was not

10

previously presented or reasonably anticipated; and (e) consent by the parties in interest to the amendment and a showing that it will not lead to an enlargement of time or impact other scheduled deadlines." *Id.* The party seeking the amendment bears the burden of demonstrating good cause for the amendment. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence.").

Courts in this District have articulated various considerations in determining whether good cause for amendment exists under Local Patent Rule 3.7. "The key factor courts look at to determine whether good cause exists to grant an amendment to a contention is the diligence of the moving party." *Horizon Pharma AG v. Watson Lab'ys, Inc.-Fla.*, No. 13-5124, 2015 WL 12850575, at *2 (D.N.J. Feb. 24, 2015). Diligence "requires that a movant proceed both with diligence throughout discovery and in discovering the basis for the proposed amendment, as well as promptly moving to amend when new evidence is revealed in discovery." *Chiesi USA, Inc. v. Aurobindo Pharma USA, Inc.*, No. 19-18756, 2021 WL 6774679, at *5 (D.N.J. Mar. 26, 2021). "The latter requirement is consistent with the mandate of Local Patent Rule 3.7 that the motion be timely." *Id.* at *4. In addition, courts may consider "(1) the reason for the delay,

11

including whether it was within the reasonable control of the party responsible for it; (2) the importance of what is to be disclosed; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *Id.* (citing *Oy Ajat, Ltd. v. Vatech Amer., Inc.*, No. 10-4875, 2012 WL 1067900, at *20 (D.N.J. Mar. 29, 2012)). "It should be noted, however, that Rule 3.7 is not a straightjacket into which litigants are locked from the moment their contentions are served" and "while the Local Patent Rules strive to encourage parties to establish their contentions early on, preliminary infringement contentions are still preliminary." *Janssen Prod., L.P. v. Lupin Ltd.*, No. 10-5954, 2013 WL 1966051, at *4 (D.N.J. May 9, 2013) (internal quotations omitted), *aff'd*, 2013 WL 3086378, at *1 (D.N.J. June 18, 2013).

Defendants rely primarily on *Janssen Pharmaceuticals, Inc. v. Sandoz, Inc.*, No. 11-7247, 2013 U.S. Dist. LEXIS 186048, at *1-2 (D.N.J. May 22, 2013), in support of the present application. In *Janssen v. Sandoz*, the plaintiffs filed a patent infringement action asserting that the defendant infringed the plaintiffs' patent by filing an ANDA seeking to sell a generic product prior to the expiration of the plaintiffs' patent. *Janssen v. Sandoz*, 2013 U.S. Dist. LEXIS 186048, at *1-2. The plaintiffs in *Janssen v. Sandoz* served their disclosure of asserted claims identifying claims 1-5 and 9-15 of their patent,

12

and the defendant thereafter served its invalidity contentions. *Id.* at *2. Two months after the *Janssen v. Sandoz* plaintiffs served their disclosure of asserted claims, they recognized that they inadvertently omitted claim 16 and obtained leave of court to amend the disclosure. *Id.* at *2-3. The defendant in *Janssen v. Sandoz* was also provided an opportunity to serve invalidity and non-infringement contentions for claim 16. *Id.* at *3. In conducting an analysis of claim 16, the defendant's expert in *Janssen v. Sandoz* identified additional new prior art and new insights on prior art cited in the original contentions, which the defendant argued were applicable to claims 1-5 and 9-15 in addition to the newly added claim 16. *Id.* at *7-8. Accordingly, at the same time that the defendant served its invalidity contentions for claim 16, it filed a motion to amend its prior invalidity contentions regarding claims 1-5 and 9-15. *Id.* at *4. The court in *Janssen v. Sandoz* found good cause for the amendment, noting that "although [p]laintiffs suggest that [the defendant] could have found the references earlier, this does not negate [the defendant's] earlier diligent search, or [the defendant's] entitlement to perform an additional prior art search regarding claim 16." *Id.* at *16-17. Further, the court in *Janssen v. Sandoz* found the proposed amendment timely, having been sought only three months after the court permitted the addition of claim 16, and noted that the defendant's discovery

13

of new prior art arose "as a direct result of [p]laintiffs' own omission regarding claim 16." *Id.* at \*13, \*16. Finally, the court in *Janssen v. Sandoz* found no prejudice to the plaintiffs because they were already required to develop responsive contentions to the invalidity contentions for claim 16, which would "incorporate substantially the same invalidity analysis" as the other asserted claims. *Id.* at \*18.

Plaintiffs argue that the Court should instead follow *Janssen v. Lupin*, wherein the court denied a motion to amend non-infringement contentions due to the defendant's lack of diligence. In *Janssen v. Lupin*, the plaintiff brought a claim against the defendant alleging infringement of two patents and subsequently amended its complaint to include a third patent. *Janssen v. Lupin*, 2013 WL 1966051, at \*1. The defendant in *Janssen v. Lupin* served its invalidity contentions for all three patents and, thereafter, the plaintiff asserted two more patents against the defendant in two separate cases that were consolidated with the initial action. *Id.* In preparing its non-infringement contentions for one of the newly added patents, the defendant in *Janssen v. Lupin* "recognized a similar defense also applied to the asserted claims" of one of the initial patents and sought leave to amend its initial contentions to add the new defense. *Id.* The defendant further sought to amend its initial invalidity contentions upon recognizing during the exchange of

14

claim construction disclosures that it had a non-infringement defense that it did not previously assert. *Id.* at *2. The court in *Janssen v. Lupin* concluded that the defendant did not timely seek leave to amend its non-infringement contentions, having waited almost six months after recognizing its new argument to file a motion to amend. *Id.* at *4. The court in *Janssen v. Lupin* specifically noted that the defendant had "not articulated any explanation for its delay in seeking leave to amend its non-infringement contentions" and that its "bare assertion of diligence does not satisfy the good cause requirement of Local Patent Rule 3.7." *Id.* at *5. Having failed to find diligence in moving to amend, the court in *Janssen v. Lupin* did not consider prejudice to the non-moving party. *Id.*

Plaintiffs also cite *Nautilus Neurosciences, Inc. v. Wockhardt USA LLC,* No. 11-1997, 2013 WL 7901901, at *1 (D.N.J. Jan. 23, 2013), in opposition to the present motion, wherein the court denied a motion for leave to amend invalidity contentions. In *Nautilus*, the plaintiffs filed an infringement suit with respect to three patents, and the defendants served their invalidity contentions for all three patents. *Nautilus*, 2013 WL 7901901, at *1. Subsequently, a new patent issued and the plaintiffs in *Nautilus* filed a second action alleging that the defendants infringed the new patent. *Id.* The defendants in *Nautilus* served their invalidity contentions in the second

action but, "[d]espite asserting new invalidity theories in the Second Contentions at the outset of the Second Action," the defendants did not immediately seek to amend their prior contentions to incorporate the new theories. *Id.* Rather, the *Nautilus* defendants waited nearly six months before they sought to amend their invalidity contentions. *Id.* at *3, *7. The court in *Nautilus* concluded that the defendants did not act in a timely manner because they were aware of their new theories at least as of the date on which they asserted such theories in the second action but, in waiting six months before seeking leave to amend, did not make a timely application to the court. *Id.* at *3. Further, the court in *Nautilus* found that the proposed amendment would prejudice the plaintiffs because fact discovery was almost complete and "an amendment would require additional discovery and unreasonably delay the action." *Id.* at *6.

In this case, the Court is satisfied that Defendants were timely in seeking leave to amend their invalidity contentions following the filing of Plaintiffs' amended complaints to include the '547 patent and upon Defendants' subsequent recognition that the invalidity contentions for the '547 patent also applied to the '393 patent. Plaintiffs filed amended complaints adding the '547 patent to this case on June 30, 2022. On August 9, 2022, the Court entered a Ninth Amended Scheduling Order which provided that invalidity contentions for

16

the '547 patent were to be filed by August 26, 2022. (Ninth Am. Scheduling Order [D.I. 152], Aug. 9, 2022, p. 2.) On August 5, 2022, before the Court entered the Ninth Amended Scheduling Order, Defendants had requested that the Scheduling Order include the following language: "'To the extent either parties' contentions for the '547 patent applies identically to the '393 patent (i.e. if the exact same argument/prior art applies with identical force), such contention for the '547 patent can also be used for the '393 patent.'" (Letter from William P. Deni, Jr. [D.I. 151], Aug. 5, 2022, pp. 4-5.) The Court, however, did not include such language in the Ninth Amended Scheduling Order. Defendants thereafter served their invalidity contentions for the '547 patent on August 26, 2022, in accordance with the Ninth Amended Scheduling Order, and on the same date sought Plaintiffs' consent to apply the invalidity contentions for the '547 patent to the '393 patent. (Defs.' Letter, Ex. F, p. 3.) The parties met and conferred on this issue on September 13, 2022 and continued to discuss the issue through September 27, 2022. (Defs.' Letter, p. 6 n.2.) On September 30, 2022, Defendants filed the instant letter motion. Given this timeline, where Defendants raised the issue with the Court approximately one month after the amended complaints were filed, attempted to resolve the issue by agreement of the parties, and filed this application three days after the parties reached an impasse, the

Court finds that Defendants timely sought leave to amend their invalidity contentions for the '393 patent.

Because the Court concludes that Defendants' present application was timely, the Court finds unavailing Plaintiffs' reliance on *Janssen v. Lupin* and *Nautilus*. In each of those cases, the court concluded that the defendants did not act in a timely manner to amend their contentions after recognizing the need to amend. *See Janssen v. Lupin*, 2013 WL 1966051, at *4 (finding that defendant had "not sufficiently explained its delay in seeking to amend its non-infringement contentions" and noting that "the Court cannot ignore that [defendant], by its own admission, first recognized its [new] argument . . . nearly six months before filing the instant motion" and "has not articulated any explanation for its delay in seeking leave to amend its non-infringement contentions"); *Nautilus*, 2013 WL 7901901, at *4 (noting that "Defendants have provided no explanation as to why they waited the six months from service of their Second Contentions to even raise a proposed amendment with the Court" and that "[t]he good cause requirement of Rule 3.7 dictates a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed" and finding "[t]hat is not the case here")(internal quotation omitted). Neither *Janssen v. Lupin* nor *Nautilus* supports denial of a request to amend under the circumstances

18

presented in this case, where Defendants promptly sought leave to amend upon recognizing the need to amend.

Having concluded that Defendants timely filed the instant application, the Court must next determine whether Defendants demonstrate good cause to amend, which requires a showing of diligence in discovering the basis for the proposed amendments. Plaintiffs argue that the proposed amendments are based on information that could have been known or should have been known no later than March 2021, when Defendants sent a letter to the Court requesting leave to amend their September 2, 2020 invalidity contentions. (*See* Pls.' Opp. Letter, p. 6.) Defendants do not dispute that the information was known or could have been known earlier in this litigation, but they argue that Plaintiffs' addition of the '547 patent precipitated their review of their prior contentions. (Defs.' Reply Letter, p. 2.) In a May 20, 2021 Order, the Magistrate Judge to which this case was then assigned concluded that "Sun was diligent in its preparation of its initial contentions; having met with numerous experts on multiple occasions Sun produced invalidity and noninfringement contentions totaling over 142 pages setting forth multiple separate defenses." (Order [D.I. 92], May 20, 2021, p. 2.) Therefore, the present request for amendment is not due to Defendants' lack of diligence in preparing the initial contentions. As to any claim of lack of diligence from the date

of the last amendment to the date Defendants sought the current proposed amendments, the Court notes that good cause "does not require perfect diligence," *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-3587, 2014 WL 491745, at *4 (N.D. Cal. Feb. 5, 2014), and as set forth in *Janssen v. Sandoz*, even if a defendant could have found a reference earlier, "this does not negate [the defendant's] earlier diligent search, or [the defendant's] entitlement to perform an additional prior art search[.]" *Janssen v. Sandoz*, 2013 U.S. Dist. LEXIS 186048, at *17. It does not appear that Defendants' proposed amendments are motivated by gamesmanship or an effort to recast legal arguments at the eleventh hour, as it was Plaintiffs' recent addition of the new '547 patent and the substantial similarity of the '547 and '393 patents that prompted Defendants' review of their prior invalidity contentions. Therefore, like the case in *Janssen v. Sandoz*, the Court finds that Defendants were sufficiently diligent to support a finding of good cause to permit the amendments at this time.

In so finding, the Court acknowledges Plaintiffs' attempt to distinguish *Janssen v. Sandoz* from the instant matter, arguing that in *Janssen v. Sandoz* the defendant found new prior art despite prior diligent inquiry – one of the reasons for amendment expressly enumerated in Local Patent Rule 3.7 – whereas in this case Defendants seek to amend their

invalidity contentions based on information known to them at the time they served their initial invalidity contentions. (*See* Pls.' Opp. Letter, p. 8.) However, one of the bases upon which Defendants predicate their amendments is discovery of new prior art while investigating invalidity contentions for the '547 patent. (*See* Pls.' Opp. Letter, p. 3; Defs.' Reply Letter, pp. 2-3.) Furthermore, to the extent Plaintiffs argue that some of the proposed amendments include prior art references cited in the initial contentions for the '393 patent, the same argument was raised in *Janssen v. Sandoz*, yet the court in *Janssen v. Sandoz* concluded that there was good cause for amendment. *See Janssen v. Sandoz*, 2013 U.S. Dist. LEXIS 186048, at *11, *16 (noting plaintiffs' argument that good cause did not exist to permit new contentions involving previously known art cited in initial invalidity contentions but finding good cause for amendment). In finding good cause, the court in *Janssen v. Sandoz* specifically noted that the defendant was entitled to perform an additional prior art search given the plaintiffs' addition of a new claim. *See Janssen v. Sandoz*, 2013 U.S. Dist. LEXIS 186048, at *10, *15-16 ("That Sandoz and its expert performed new prior art searches should not surprise [p]laintiffs, who belatedly added claim 16 and agreed to permit Sandoz the time to hire a new expert to analyze claim 16 and serve Invalidity Contentions."). The Court finds the

circumstances presented in the instant case analogous and follows the diligence analysis set forth in *Janssen v. Sandoz*.

Having concluded that Defendants were sufficiently diligent in seeking to discover the bases for amending their invalidity contentions, notifying Plaintiffs of the proposed amendments, and timely seeking leave to amend, the Court next considers whether Plaintiffs will be prejudiced if Defendants are allowed to amend their invalidity contentions. There is no trial date and claim construction for the '393 patent remains pending. No party has sought additional claim construction given the inclusion of the '547 patent in this case and the invalidity contentions served in response thereto. (*See* Defs.' Reply Letter, p. 3.) The parties represent that no depositions have occurred, expert discovery is scheduled through September 28, 2023, and briefing on dispositive motions is scheduled through January 11, 2024. (*See* Letter from William P. Deni, Esq. [D.I. 161], Oct. 17, 2022, p. 2; Order [D.I. 178], Feb. 1, 2023, p. 1.) Plaintiffs already served responses to the invalidity contentions in connection with the '547 patent and are participating in discovery directed to that patent, and Plaintiffs do not identify any additional discovery necessitated by the proposed amendments that would not otherwise be obtained in connection with the '547 patent. Accordingly, the proposed amendments will not result in any additional delay or cost to

22

Plaintiffs. Under these circumstances, the Court finds that Plaintiffs will not be unduly prejudiced by amendment to Defendants' invalidity contentions for the '393 patent.

In summary, the Court finds good cause to permit the amendments to the invalidity contentions for the '393 patent. The purpose of Local Patent Rule 3.7 "is to 'require parties to crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed[,]'" which is "intended 'to prevent the shifting sands approach to claim construction.'" *Chiesi*, 2021 WL 6774679, at *5 (internal citations omitted). The amendments here will not undermine the purpose of the Local Patent Rule. Plaintiffs recently obtained and are now pursuing claims for an additional patent following Defendants' service of invalidity contentions directed to the '393 patent and following claim construction briefing and the *Markman* hearing on the '393 patent. In response to the '547 patent, Defendants prepared invalidity contentions for the new patent and reviewed their invalidity contentions for the '393 patent given the substantial similarity between the patents. Thus, Defendants' proposed amendments are not motivated by gamesmanship or an effort to shift their strategy late in this litigation. In light of the unique circumstances here, the Court finds good cause for the amendments. Furthermore, the Court finds that Defendants timely sought leave to amend and that

there is no undue prejudice to Plaintiffs as a result of the proposed amendments. Accordingly, the Court shall permit the amendments. [4]

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this **15th** day of **February 2023,**

**ORDERED** that Defendants' letter motion [D.I. 159] for leave to amend their invalidity contentions shall be, and is hereby, **GRANTED**; and it is further

**ORDERED** that Defendants may serve amended invalidity contentions for the '393 patent consistent with Exhibit A to their letter motion; and it is further

**ORDERED** that Plaintiffs may serve responsive contentions for the '393 patent **within twenty (20) days** of the date of this Order and may seek additional time upon a showing of good cause; and it is further

**ORDERED** that the Clerk of the Court shall temporarily seal this Memorandum Opinion and Order. The parties shall meet and confer concerning the sealing of this Memorandum Opinion and

---

[4] Plaintiffs have requested the opportunity to amend their responsive contentions directed to the '393 patent should the Court permit Defendants' amendments. (*See* Pls.' Opp. Letter, p. 9 n.8.) Defendants represent that they do not oppose Plaintiffs' request for leave to amend their responsive contentions if leave is granted to amend Defendants' '393 contentions. (Defs.' Reply Letter, p. 4 n.3.) The Court shall provide Plaintiffs time to serve responsive contentions for the '393 patent.

Order and, if the parties seek to maintain any portion of this Memorandum Opinion and Order under permanent seal, they shall file a joint motion to seal in accordance with Local Civil Rule 5.3 within **two weeks** of the date of this Order. If a motion to seal is not filed within two weeks, the Court shall direct the Clerk of the Court to unseal this Memorandum Opinion and Order.


                                        s/ Ann Marie Donio
                                        ANN MARIE DONIO
                                        UNITED STATES MAGISTRATE JUDGE


cc:  Hon. Christine P. O'Hearn